

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00158-CR
_____

JOSEPH MATTHEW WELBORN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1576569

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Charged with the death of his infant son, Appellant Joseph Matthew Welborn pleaded guilty and judicially confessed to committing the first-degree felony offense of injury to a child causing serious bodily injury (Count Three) in exchange for the State's waiving all remaining counts in the indictment.[1] *See* Tex. Penal Code Ann. § 22.04(a)(1), (e). After receiving his guilty plea and hearing three days of punishment evidence, a jury convicted Welborn of injury to a child causing serious bodily injury as instructed by the trial court and assessed his punishment at imprisonment for life. *See id.* §§ 12.32(a), 22.04(a)(1), (e). The trial court sentenced Welborn accordingly, he timely appealed, and the trial court certified that he had permission to do so. *See* Tex. R. App. P. 25.2(a)(2)(B), 26.2(a).

Welborn's appointed appellate counsel has filed a motion to withdraw and a brief complying with *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), representing that this appeal is frivolous because the record reveals "no arguable error." In accordance with *Kelly v. State*, counsel provided Welborn with copies of the brief and motion to withdraw and informed him of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

---

[1]The three waived counts charged Welborn with capital murder of a person under ten years of age (Count One), murder (Count Two), and aggravated assault with a deadly weapon against a family member (Count Four).

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). This court gave Welborn the opportunity to file a pro se response to the *Anders* brief, but he did not do so; likewise, the State did not file a brief.

After an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 8, 2024

3